UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN NAVA,<br><br>                         Plaintiff,<br><br>v.<br><br>P. VELARDI, J. SILVA M.D., AVELINO CANLAS, M.D., M. MELLON, M.D., ROGELIO ORTEGA, S. ROBERTS, KYLE SEELEY, J. WALKER, CLIFFTON, NURSE PAMELA VELARDI, ROBERT WALKER, AND DAVID CLIFTON,<br><br>                         Defendants. | Case No.:  15cv1156-AJB(BLM)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 45]** |

On January 29, 2017, Plaintiff filed a document entitled "Request for Appointment of Counsel" that was accepted by the Court on discrepancy on February 10, 2017.  ECF Nos. 44-45.  Plaintiff seeks an order from the Court appointing counsel to represent him in the instant matter.  Id. at 1.  In support, Plaintiff argues that he (1) is unable to afford counsel, (2) has a limited education, (3) has relied upon the assistance of other inmates to prepare his legal filings, (4) was recently transferred to a new facility and will no longer have the help of his fellow inmates, and (5) is in a facility that does not have a functioning law library.  Id. at 2.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dep't of Soc. Servs.,

452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted several pleadings and motions without the assistance of counsel. See Docket. In addition to the instant motion, he has submitted a complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), a motion for an extension of time to file a first amended complaint (ECF No. 5), a second motion for an extension of time to file a first amended complaint (ECF No. 8), a motion to stay (ECF No. 11), a first amended complaint (ECF No. 13), a previous motion to appoint counsel (ECF No. 15), a motion for a preliminary injunction and temporary restraining order (ECF No. 17), a motion for an extension of time to respond to Defendants' motion to dismiss (ECF No. 31), an opposition to Defendants' motion to dismiss (ECF No. 35), and a motion for extension of time to show cause why his case should not be dismissed (ECF No. 41). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case.[1]

The Court previously denied Plaintiff's request for counsel [see ECF No. 20] and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy. ECF No. 45. Further, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331; see also Peterson v. Anderson, 2009 WL 4506542, at *3 (D. Mont. Dec.2, 2009) (citing Wilborn, 789 F.2d at 1331) ("Although Plaintiff contends he is not in

---

[1] Plaintiff's reliance on other inmates for assistance in drafting his pleadings [see ECF No. 45 at 2] does not alter this analysis. See, e.g., Montano v. Solomon, 2010 WL 4137476, at *7 (E.D. Cal. Oct.19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case ....").

a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily.  This alone does not deem a case complex."). "[A]ny pro se litigant certainly would be better served with the assistance of counsel." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("[A] pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). But a plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Here, Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex.

Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.  See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training, limited English, and poverty do not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in *pro se*).

**IT IS SO ORDERED**.

Dated:  2/17/2017

Hon. Barbara L. Major
United States Magistrate Judge